Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Sara Aldrete*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Aldrete,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Berkshire Hathaway Automotive, Inc., a Texas corporation, Metro Auto Auction, LLC, a Delaware corporation, and Raymond Kurz, an individual,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff Sarah Aldrete ("Plaintiff") in support of her Amended Complaint against Defendants Metro Auto Auction, LLC, Berkshire Hathaway Automotive, Inc., and Raymond Kurz, ("Defendants"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff asserts federal claims under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), for injuries resulting from Defendants' unlawful conduct, including but not limited to: (1) discriminating against Plaintiff because of her sex and/or pregnancy, (2) subjecting Plaintiff to unlawful harassment and a hostile work environment, (3) interfering

with Plaintiff's rights, and (4) retaliation.

2. Plaintiff further asserts state law claims against Defendants for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Invasion of Privacy, Intrusion Upon Seclusion, and Public Disclosure of Private Affairs.

3. Plaintiff seeks back pay, front pay, liquidated damages, compensatory damages, punitive damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

**PARTIES**

4. Plaintiff Sarah Aldrete has at all times relevant to this matter been a resident of Maricopa County, Arizona.

5. Defendant Raymond Kurz has at all times relevant to this matter been a resident of Maricopa County, Arizona.

6. Defendant Kurz is an "employer" under the FLSA [§203(d)] and FMLA [§2611(4)].

7. Defendant Metro Auto Auction ("Metro Auto") has at all times relevant to this matter been a Delaware corporation doing business in Arizona, and an employer with over 100 employees.

8. Defendant Berkshire Hathaway Automotive ("BHA") has at all times relevant to this matter been a Texas corporation doing business in Arizona, and an employer with over 500 employees.

9. Upon information and belief, Defendant Metro Auto is a subsidiary of Defendant BHA, and both companies are engaged in the retail auto industry.

10. Upon information and belief, Defendant Metro Auto and Defendant BHA shared common ownership and management during the relevant time period.

11. Upon information and belief, Defendant Metro Auto and Defendant BHA share human resources personnel and functions.

12. Upon information and belief, Defendant Metro Auto and Defendant BHA share in-house legal counsel.

13. Upon information and belief, Defendant Metro Auto and Defendant BHA share IT personnel and functions.

14. Upon information and belief, Defendant Metro Auto and Defendant BHA share computer systems and networks.

15. Upon information and belief, Employees transfer between Defendant Metro Auto and Defendant BHA.

16. Defendant Metro Auto and Defendant BHA were part of a single integrated enterprise during the relevant time period.

17. Defendant Metro Auto and Defendant BHA were joint employers during the relevant time period.

**JURISDICTION AND VENUE**

18. This Court has personal and subject matter jurisdiction over the parties and issues in this Complain, pursuant to 28 U.S.C. §1331.

19. Jurisdiction over Plaintiffs' state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

20. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in Maricopa County, Arizona.

**FACTUAL BACKGROUND**

21. Plaintiff was employed with the Defendant Metro Auto from 2009 until her termination in or around May 18, 2020.  She had held the position of Service Coordinator since 2012/2013.  In that capacity her primary duties included keeping track of shop inventory, writing up auction vehicles for diagnostics, body work, or mechanical repairs, making estimates, and ordering any approved parts.

22. Defendant Kurz became Plaintiff's supervisor and started sharing an office space with her sometime around spring or summer 2018, roughly two years prior to her termination.

23. Soon after Plaintiff notified her supervisor Defendant Kurz about her

pregnancy in or around the Spring of 2019, Defendant Kurz began subjecting Plaintiff to increased scrutiny and hostility (e.g., telling her to "shut up and do what she was told" in front of other coworkers, threatening to discipline her if she was late because of child care, etc.).

24. Defendant Kurz's hostility towards Plaintiff escalated when she returned from maternity leave in December 2019, and especially after Plaintiff notified Defendant Kurz that she was entitled to a private space and time for lactation three times a day.

25. When Plaintiff needed to pump, she would notify Defendant Kurz so he could leave the shared office space, and she would lock the office door.

26. Defendant Kurz would send a group chat to others employees stating she was pumping. This practice continued from December of 2019 to March of 2020.

27. On March 31, 2020, Plaintiff was designated an "essential" employee and cleared to work. However, within the same workweek, Plaintiff was furloughed.

28. In or around late April, Plaintiff learned that some of her co-workers were returning to work.

29. On May 18, 2020, HR Representative Debra Doyle told Plaintiff that Defendant Kurz had made the decision not to bring Plaintiff back from the furlough.

30. Upon information and belief, Plaintiff was replaced by someone with no prior experience performing the Service Coordinator duties.

31. In or around May 2020, Plaintiff learned that a small video camera had been installed on a shelf near Defendant Kurz' desk and pointed towards Plaintiff's desk, where she would sit and pump breastmilk.

32. Defendants do not dispute that Defendant Kurz installed the video camera on the shelf near Defendant Kurz' desk.

33. Defendant Kurz did not request permission and was not authorized to install the video camera in the office he shared with Plaintiff.

34. Plaintiff had no knowledge of and did not consent to Defendant Kurz's use of the video camera in the office he shared with Plaintiff.

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

35. The video camera was not part of, nor was it connected to, the security system at the facility where Plaintiff worked.

36. At or around the time Plaintiff learned of her termination, Plaintiff notified Ms. Doyle and General Manager Gerald Stiver about the video camera.

37. Upon information and belief, Defendant Kurz was not counseled or disciplined in any way for installing a video camera without permission or authorization.

38. On or around December 28, 2020, Plaintiff filed administrative charges with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on pregnancy and/or sex, and retaliation, Charge Nos. 540-2021-01208 and 540-2021-01223 ("EEOC Charges").

39. No more than 90 days have passed since Plaintiff received her Notice of Right to Sue.

**FIRST CAUSE OF ACTION**

**Title VII-Discrimination Based on Sex/Pregnancy**

**Against Defendants Metro Auto and BHA**

40. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

41. Upon information and belief, Plaintiff was subjected to less favorable treatment than similarly situated coworkers because of her sex and/or pregnancy, including but not limited to, heightened scrutiny, constant criticism and subjecting her to unfavorable working conditions compared to similarly situated coworkers who engaged in the same or similar conduct.

42. Defendant maintained and implemented unlawful discriminatory practices and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on female employees, including Plaintiff.

43. Defendants did bring Plaintiff back to work after the furlough because of

her sex and/or pregnancy, and her status as a mother of a young toddler and months old new born.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, nervousness, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

45. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## Title VII-Hostile Work Environment
## Against Defendants Metro Auto and BHA

46. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

47. During Plaintiff's employment, Plaintiff was subjected to harassment in violation of Title VII.

48. Upon information and belief, Defendant knew or should have known that Plaintiff was being subjected to derogatory and inappropriate behavior by its employees, including but not limited to, Defendant Kurz, and failed to take necessary measures to prevent such misconduct.

49. The hostile work environment Plaintiff suffered was sufficiently severe and pervasive so as to interfere with Plaintiff's work.

50. The hostile work environment Plaintiff endured was sufficiently severe and pervasive so as to create an intimidating, hostile, and offensive environment.

51. Defendant, through its supervisors, managers, and other agents, failed to adequately supervise, control, discipline, and/or otherwise penalize employees who

engaged in unlawful discriminatory or offensive behavior.

52. Defendant, through its supervisors, managers, and other agents, failed to take all reasonable and necessary steps to eliminate unlawful harassment and discrimination from the workplace, and to prevent it from occurring in the future.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses.  In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

54. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Title VII-Retaliation
### Against Defendants Metro Auto and BHA

55. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

56. During Plaintiff's employment with Defendant, Plaintiff was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because she requested maternity leave and because she requested time and a private space to pump breast milk after she returned from maternity leave.

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses.  In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of

enjoyment of life.

58. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## FLSA Interference / Violation of Rights under §207(r)

## Against All Defendants

59. Plaintiff incorporates by reference the preceding paragraphs in the Complaint as if specifically set forth herein.

60. During Plaintiff's employment with Defendant, requested time and a private space to pump breast milk after she returned from maternity leave.

61. Pursuant to FLSA §207(r), Defendants were required to provide Plaintiff with a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

62. By placing a video camera in the office where Plaintiff would pump breast milk without Plaintiff's knowledge or consent, and by failing to return Plaintiff to work and terminating her employment, Defendants interfered with and violated Plaintiff's rights under §207(r).

63. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

64. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

## FIFTH CAUSE OF ACTION
## FLSA Retaliation
## Against All Defendants

65. Plaintiff incorporates by reference the preceding paragraphs in the Complaint as if specifically set forth herein.

66. During Plaintiff's employment with Defendant, requested time and a private space to pump breast milk after she returned from maternity leave.

67. Defendants were required to provide Plaintiff with a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

68. During Plaintiff's employment with Defendant, Plaintiff was retaliated against in violation of the FLSA and subjected to less favorable terms and conditions of employment than similarly situated employees because she requested time and a private space to pump breast milk after she returned from maternity leave.

69. By placing a video camera in the office where Plaintiff would pump breast milk without Plaintiff's knowledge or consent, and by failing to return Plaintiff to work and terminating her employment, Defendants retaliated against Plaintiff in violation of FLSA.

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

71. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## FMLA Interference
## Against All Defendants

72. Plaintiff incorporates by reference the preceding paragraphs in the Complaint as if specifically set forth herein.

73. During Plaintiff's employment with Defendant, Plaintiff requested maternity leave and requested time and a private space to pump breast milk after she returned from maternity leave.

74. Pursuant to FLSA §207(r), Defendants were required to provide Plaintiff with a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

75. By placing a video camera in the office where Plaintiff would pump breast milk without Plaintiff's knowledge or consent, and by failing to return Plaintiff to work and terminating her employment, Defendants violated Plaintiff's rights under the FMLA.

76. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

77. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## FMLA Retaliation
## Against All Defendants

78. Plaintiff incorporates by reference the preceding paragraphs in the Complaint as if specifically set forth herein.

79. During Plaintiff's employment with Defendant, Plaintiff requested maternity leave and she requested time and a private space to pump breast milk after she returned from maternity leave.

80. Defendants were required to provide Plaintiff with a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

81. During Plaintiff's employment with Defendant, Plaintiff was retaliated against in violation of the FMLA and subjected to less favorable terms and conditions of employment than similarly situated employees because she requested medical leave and because she requested time and a private space to pump breast milk after she returned from maternity leave.

82. By placing a video camera in the office where Plaintiff would pump breast milk without Plaintiff's knowledge or consent, and by failing to return Plaintiff to work and terminating her employment, Defendants retaliated against Plaintiff in violation of FMLA.

83. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

84. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to punitive damages in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### Invasion of Privacy
### Against All Defendants

85. Plaintiff incorporates by reference the preceding paragraphs of this

Complaint as if specifically set forth herein.

86. Defendant Kurz invaded Plaintiff's privacy by placing a video camera in the office he shared with Plaintiff without Plaintiff's knowledge or consent.

87. Defendant Kurz positioned the camera facing Plaintiff's desk and the area where Plaintiff would sit exposed while she pumped breast milk.

88. As a direct and proximate result of Defendant Kurz's conduct, Plaintiff has suffered damages, including but not limited to emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

89. Defendant Kurz's conduct described herein was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

90. Defendants Metro Auto and BHA are liable for Defendant Kurz's conduct toward Plaintiff under the theory of *respondeat superior*.

## NINTH CAUSE OF ACTION
## Intrusion upon Seclusion
## Against All Defendants

91. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

92. Defendant Kurz intruded upon Plaintiff's private affairs by placing a video camera in the office he shared with Plaintiff without Plaintiff's knowledge or consent.

93. Defendant Kurz positioned the camera facing Plaintiff's desk and the area where Plaintiff would sit exposed while she pumped breast milk.

94. As a direct and proximate result of Defendant Kurz's conduct, Plaintiff has suffered damages, including but not limited to emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

95. Defendant Kurz's conduct described herein was willful, wanton, malicious,

and in reckless disregard of Plaintiff's rights.  Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

96. Defendants Metro Auto and BHA are liable for Defendant Kurz's conduct toward Plaintiff under the theory of *respondeat superior*.

## TENTH CAUSE OF ACTION
## Public Disclosure of Private Affairs
## Against All Defendants

97. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

98. Defendant Kurz invaded Plaintiff's privacy by placing a video camera in the office he shared with Plaintiff without Plaintiff's knowledge or consent.

99. Defendant Kurz positioned the camera facing Plaintiff's desk and the area where Plaintiff would sit exposed while she pumped breast milk.

100. Upon information and belief, Defendant Kurz captured or recorded intimate images of Plaintiff that were shared or published.

101. As a direct and proximate result of Defendant Kurz's conduct, Plaintiff has suffered damages, including but not limited to emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

102. Defendant Kurz's conduct described herein was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.  Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

103. Defendants Metro Auto and BHA are liable for Defendant Kurz's conduct toward Plaintiff under the theory of *respondeat superior*.

## ELEVENTH CAUSE OF ACTION
## Intentional Infliction of Emotional Distress
## Against All Defendants

104. Plaintiff incorporates by reference the preceding paragraphs of this

Complaint as if specifically set forth herein.

105. Defendant Kurz invaded Plaintiff's privacy by placing a video camera in the office he shared with Plaintiff without Plaintiff's knowledge or consent.

106. Defendant Kurz positioned the camera facing Plaintiff's desk and the area where Plaintiff would sit exposed while she pumped breast milk.

107. Upon information and belief, Defendant Kurz captured or recorded intimate images of Plaintiff that were shared or published.

108. A reasonable person would have known that engaging in such conduct would result in the infliction of emotional distress.

109. Defendant Kurz's actions were of such a nature as to be considered outrageous and intolerable in that they offend against generally accepted standards of decency and morality.

110. As a direct and proximate result of Defendant Kurz's conduct, Plaintiff has suffered damages, including but not limited to emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

111. Defendant Kurz's conduct described herein was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

112. Defendants Metro Auto and BHA are liable for Defendant Kurz's conduct toward Plaintiff under the theory of *respondeat superior*.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

    A.    Award Plaintiff back pay, front pay, liquidated damages and any other available compensatory damages, as may be determined at trial;

    B.    Award Plaintiff general damages for her emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering,

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;

C. Award Plaintiff punitive damages as may be determined at trial;

D. Order Defendants to pay reasonable attorney's fees and costs;

E. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

F. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

G. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully submitted this 12th day of April 2021.

          Hernandez Law Firm, PLC

          By: /s/ Isaac P. Hernandez
              Isaac P. Hernandez
              Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, a copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and sent to all parties of record by operation of the Court's electronic filing system.

/s/ Isaac P. Hernandez

- 15 -

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933