Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com
   *Attorney for Sarah Aldrete*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Aldrete,<br><br>         Plaintiff,<br><br>vs.<br><br>BH Automotive, LLC, a Texas corporation, Metro Auto Auction, LLC, a Delaware corporation, and Raymond Kurz, an individual,<br><br>         Defendants. | **Case No. 2:21-CV-622-PHX-SMB**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' "MOTION TO COMPEL ARBITRATION AND DISMISS CASE"** |

Plaintiff Sarah Aldrete, by her undersigned attorney of record, responds in opposition to the Defendants "Motion to Compel Arbitration and Dismiss Case" (dkt. # 20).

**I.  The Defendants' arbitration agreement is unenforceable because it is both procedurally and substantively unconscionable.**

The Defendants' Motion seeks an order compelling arbitration to enforce it's eight-page "Mutual Agreement to Arbitrate Claims", dkt. #20-2, which it's then Human Resources manager compelled Plaintiff Aldrete to sign during an

approximately five to seven minute "onboarding meeting" at the HR office *without* (1) telling Plaintiff what she was being told to sign, (2) giving Plaintiff an opportunity to read the eight-page document before signing, and (3) providing Plaintiff with a copy.  Plaintiff's Declaration attached hereto as Exhibit 1, ¶¶6-9.

The defense of unconscionability may invalidate arbitration agreements. *Circuit City Stores, Inc. v. Adams*, 279 F. 3d 889, 892 (9th Cir., 2002). "Unconscionability includes both procedural unconscionability, i.e., something wrong in the bargaining process, and substantive unconscionability, i.e., the contract terms per se." *Nelson v. Rice*, 198 Ariz. 563, 567, 12 P. 3d 238, 242 (App., 2000).  The Supreme Court of Arizona has recognized that, while contracts may have elements of both procedural and substantive unconscionability, "a claim of unconscionability can be established with a showing of substantive unconscionability alone[.]" *Maxwell v. Fidelity Fin. Serv.,* 184 Ariz. 82, 90, 907 P.2d 51, 59 (1995).

Unconscionability is a question of law for the Court to determine, based upon the extent of procedural and/or unconscionability it finds with respect to the arbitration agreement.  *Auden v. IHC Health Solutions*, 2019 WL 4388798 (D. Ariz., 2019). *Clark v. Renaissance W., LLC*, 232 Ariz. 510, 512 ¶ 7, 307 P. 3d 77 (App., 2013).

**II.   There was extreme procedural unconscionability in securing Aldrete's signature, particularly since she was told by her new employer to sign immediately and she did not know what she was signing.**

**A.   The facts**

First, please see the attached Declaration of Plaintiff Aldrete (Exhibit 1), paragraphs four through ten, which set forth the facts surrounding her receipt of and

signing the Defendants' arbitration agreement.

Second, the Defendants' arbitration agreement, section 7, states that the employee shall commence arbitration by using the attached form "Exhibit A" as the exclusive method of filing a claim, but the arbitration agreement (dkt. #20-2 at pages 4-11), has no attached Exhibit A or the required arbitration claim form, leaving an employee without the means to commence an arbitration claim.

Third, the Defendants' arbitration agreement, section 6, incorporates the AAA Rules of Employment Disputes, but the Defendants failed to provide a copy of those Rules so that an employee could know what kind of arbitration they were agreeing to if they signed.

Additional material facts are set forth in the following sections, *infra*.

### B. Applicable Law

#### *Procedural unconscionability*

Procedural unconscionability is concerned with unfair surprise; courts examine factors influencing the "the real and voluntary meeting of the minds of the contracting party: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible [and] whether there were alternative sources of supply of the goods in question. *Maxwell, supra*, 184 Ariz. at 89, 907 P. 2d at 58.

In *Chavarria v. Ralph's Grocery Co.*, 733 F. 3d 916, 922-933 (9th Cir., 2013), the Court said:

> Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the

agreement. (citations omitted) Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation." (citation omitted) Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. (citation omitted). The district court held that Ralphs' arbitration policy was procedurally unconscionable for several reasons. The court found that agreeing to Ralphs' policy was a condition of applying for employment and that the policy was presented on a "take it or leave it" basis with no opportunity for Chavarria to negotiate its terms. . . . . These circumstances are similar to others where we have held agreements to be procedurally unconscionable. In *Davis v. O'Melveny & Myers,* 485 F.3d 1066 (9th Cir.2007), we held that **an arbitration agreement was procedurally unconscionable under California law because it was imposed upon employees as a condition of their continued employment.** *Id.* at 1074–75. We explained, "where ... the employee is facing an employer with 'overwhelming bargaining power' who 'drafted the contract and presented it to [the employee] on a take-it-or-leave-it basis,' the clause is procedurally unconscionable." *Id.* at 1075 (quoting *Nagrampa,* 469 F.3d at 1284). Likewise, in *Pokorny v. Quixtar, Inc.,* 601 F.3d 987 (9th Cir.2010), we held that **"a contract is procedurally unconscionable under California law if it is 'a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'** " *Id.* at 996 (citing *Ting v. AT&T,* 319 F.3d 1126, 1148 (9th Cir.2003))." (emphasis added)

Under the circumstances where the Plaintiff was told to sign a non-negotiated eight-page printed boiler plate arbitration agreement as a condition of employment, there was an adhesion contract and this is a factor showing procedural unconscionability. *Maxwell* and *Chavarria*, *supra.*

### *Additional Procedural Unconscionability Factors*

**(1)** The Plaintiff was not given a copy of the AAA Rules that the arbitration agreement incorporated so that she could not have known what the arbitration process was if she signed. An arbitration agreement may be procedurally unconscionable if the employee is not provided with a copy or direct access to the arbitration rules or procedures that will be applied in the event of a dispute before he assents to such mandatory arbitration. *Chavarria*, *supra*, at pg. 923; *Pokorny v. Quixtar, Inc.*, 601 F. 3d 987, 996-997 (9th Cir., 2010); *Trivedi v. Curexo Tech. Corp.*, 189 Cal App. 4th 387, 393-394, 116 Cal. Rptr. 3d 804 (2010); *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1406, 7 Cal. Rptr. 3d 418 (2003). *See also*, *Nguyen v. Barnes & Noble, Inc.,* 763 F. 3d 1171 (9th Cir., 2014).

**(2)** When procedural unconscionability is present, "it may be more appropriate to analyze the claims under the doctrines of fraud, misrepresentation, duress, and mistake." *Maxwell, supra,* 184 Ariz. at 90, 907 P.2d at 59. "To establish **procedural** unconscionability, Plaintiff must demonstrate . . . that his consent to its terms was obtained under coercion or **duress**." *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 427 (N.D. Cal. 2018) (emphasis added); *see also East v. CD Baby Incorporated,* 2019 WL 2423514, 2 (D. Ariz., June 10, 2019), case # 2:19-CV-168-PHX-GMS.

///

///

**(3)** When a new employee is ordered to sign documents before she can read them, or when she is rushed into signing a document that it was among a stack of documents she was asked to sign at once time during an onboarding process, this is procedural unconscionability. *Adams v. Conn Appliances, Inc.,* 2017 WL 3315204, *4 (D. Ariz., 2017). In *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken,* 179 Ariz. 289, 293, 877 P. 2d 1345, 1349 (App., 1994), the Court found procedural unconscionability when the plaintiff "hurriedly signed the preprinted agreement in order to obtain emergency medical care for" his wife, noting the stark inequality of bargaining power between the plaintiff and defendant.

**(4)** Section 7 of the arbitration agreement (dkt. #20-2 at pages 4-11) requires the employee to initiate arbitration by using a particular form referred to as attached Exhibit A, but there is no Exhibit A or form attached to the agreement. To this date, Plaintiff Aldrete could not commence an arbitration even if she wanted to because the Defendants have never provided their required claim form, the undisclosed "Exhibit A". A barrier to arbitration relief for an employee in an arbitration agreement is substantively unconscionable. There is substantive unconscionability when the commencement of an arbitration claim requires documentation that a non-lawyer could not reasonably be expected to provide. It is unconscionable to require an arbitration demand or claim to comply with the pleading requirements of the Federal Rules of Civil Procedure. *Chavarria v. Ralph's Grocery Co.*, 733 F. 3d 916, 922-933 (9th Cir., 2013); *see also, Ramos v. Superior Court of San Francisco Cnty.,* 28 Cal. App. 5th 1042, 239 Cal. Rptr. 679 (2018).

///

///

### III.  Substantive Unconscionability

In *Davis v. O'Melveny & Myers,* 485 F. 3d 1066, 1075 (9th Cir., 2007) the Court defined substantive unconscionability:

> Substantive unconscionability relates to the effect of the contract or provision. A 'lack of mutuality' is relevant in analyzing this prong. The term focuses on the terms of the agreement and whether those terms are so one-sided as to *shock the conscience. . . .* A determination of substantive unconscionability . . . involves whether the terms of the contract are unduly harsh or oppressive.

"Procedural unconscionability involves " 'oppression' or 'surprise' due to unequal bargaining power" while substantive unconscionability focuses "on 'overly harsh' or 'one-sided' results."  *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F. 3d 996, 1004 (9th Cir., 2010).

**There are four separate substantive unconscionability factors in the Defendants' arbitration agreement.**

**(1)**  Section 23 of the Defendants' arbitration agreement gives the employer (the Defendants) the right to ***unilaterally modify*** the arbitration agreement upon giving notice to the employee, but the employee has no corresponding right to modify (or cancel) the arbitration agreement.  An arbitration agreement or clause is unconscionable if the employer has a unilateral right to modify it or rescind it because it is then illusory.  *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1179 (9th Cir., 2003); *Edwards v. Vemma Nutrition*, 2018 WL 637382 (D. Ariz., 2018); *Sparks v. Vista Del Mar Child & Family Serv.*, 207 Cal. App. 4th 1511, 1523, 145 Cal. Rptr. 3d 318 (2012).  It is well established that pre-dispute arbitration agreements that expressly give the drafting party important rights that are denied to the other are lacking in mutuality and therefore substantively unconscionable.

*Ingle,* 328 F. 3d at 1179 (finding unconscionable a provision giving the employer the exclusive ability to modify or terminate its dispute resolution rules with thirty days advance notice to employees but no right of employee to modify or terminate the rules); *Batory v. Sears, Roebuck & Co.*, 456 F. Supp. 2d 1137, 1140 (D. Ariz., 2006) (citing A.R.S. §47-2302, and holding that employers arbitration policy was unconscionable and unenforceable for lack of mutuality because the employer could modify or terminate arbitration policy at will but employee could not). *See also*, *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir., 2002); *Floss v. Ryan's Family Steak Houses, Inc.,* 211 F.3d 306, 315–16 (6th Cir., 2000); *Hooters of Am., Inc. v. Phillips,* 173 F.3d 933, 939 (4th Cir., 1999); *Gibson v. Neighborhood Health Clinics, Inc.,* 121 F.3d 1126, 1133 (7th Cir., 1997) (Cudahy, J., concurring);

**(2)** Section 4 of the Defendants' arbitration agreement lacks mutuality. If the employee files a charge of employment discrimination with a government agency, then the employer has an option to "opt out" of its arbitration agreement but the employee has no such option. A lack of mutuality of obligations is a factor showing substantive unconscionability. *Pokorny v. Quixtar, Inc*., 601 F. 3d 987, 998 (9th Cir., 2010); *Davis,* 485 F. 3d at 1075;  *Batory*, 456 F. Supp. 2d at 1140.

**(3)** Defendants' arbitration agreement Section 8 lacks mutuality. An employee has a duty to notify the employee as soon as he/she has counsel, but there is no corresponding duty on the part of the employer. A lack of mutuality of obligations is a factor showing substantive unconscionability. *Pokorny*, 601 F. 3d at 998; *Davis,* 485 F. 3d at 1075;  *Batory*, 456 F. Supp. 2d at 1140.

**(4)** The Defendants' arbitration agreement has a confidentiality requirement in Section 20.  A requirement that the arbitration proceedings and/or awards be confidential is substantively unconscionable. *Longnecker v. American Express Co.,* 23 F. Supp. 3d 1099, 1110 (D. Ariz., 2014); *Pokorny,* 601 F. 3d at 1001-1002; *Ting v. A T & T*, 319 F. 3d 1126, 1151-1152 (9th Cir., 2003); *Larsen v. Citibank FSB,* 871 F. 3d 1295 (11th Cir., 2017).  *See also,  Ramos v. Superior Court of San Francisco*

*County,* 28 Cal. App. 5th 1042, 239 Cal. Rptr. 3d 679, 701-702 (2018); *Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 178, 116 Cal. Rptr. 2d 671, 678-679 (2002).

## IV.  Conclusion

Based upon the foregoing, Plaintiff Aldrete respectfully requests an order denying the Defendants "Motion to Compel Arbitration and Dismiss Case" (dkt. # 20).

Respectfully submitted this 30th day of August, 2021.

**Hernandez Law Firm, PLC**

By: /s/ Isaac P. Hernandez
     Isaac P. Hernandez

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and sent to all parties of record by operation of the Court's electronic filing system.

/s/ Isaac P. Hernandez