Amy J. Gittler (State Bar No. 04977)
J. Alexander Dattilo (State Bar No. 030112)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Amy.Gittler@jacksonlewis.com
Alexander.Dattilo@jacksonlewis.com
*Attorneys for Defendants Metro Auto Auction, LLC, and Raymond Kurz*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Aldrete,<br><br>Plaintiff,<br><br>vs.<br><br>BH Automotive, LLC, a Texas corporation; Metro Auto Auction, LLC, a Delaware corporation; and Raymond Kurz, an individual,<br><br>Defendants. | Case No:  2:21-CV-00622-SMB<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS BY DEFENDANTS METRO AUTO AUCTION, LLC, AND RAYMOND KURZ** |

Pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6), and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), Defendants Metro Auto Auction, LLC ("Metro Auto") and Raymond Kurz ("Kurz") – collectively, "Defendants" – file this reply in support of their Motion to Compel Arbitration and Dismiss Plaintiff's Complaint ("Motion") [Dkt. 20].[1]

---

[1] The Motion was filed on August 2, 2021, in response to Plaintiff's Amended Complaint [Dkt. 16].  On August 20, 2021, Plaintiff filed her Second Amended Complaint [Dkt. 22].  The Parties stipulated that the Second Amended Complaint had no effect on the pending Motion which applied with equal effect to the Second Amended Complaint.  [Dkt. 23, pp. 1-2]

**Preliminary Statement**

Plaintiff's Response ("Response") asks the Court to set aside the arbitration agreement Plaintiff signed by finding it procedurally and substantively unconscionable, through a series of radical departures from established law. To do this, Plaintiff relies primarily on cases interpreting California law, ignoring the settled law in Arizona regarding employment disputes that regularly compels enforcement of arbitration agreements. There is not basis for this Court to excuse Plaintiff from her legally enforceable promise to litigate her claims in arbitration.

**ARGUMENT**

**I.   THE AGREEMENT IS PROCEDURALLY CONSCIONABLE.**

The FAA provides that arbitration agreements generally shall be "valid, irrevocable, and enforceable." 9 U.S.C. § 2. "The FAA 'mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (reversing denial of motion to compel arbitration), quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The FAA "manifests a liberal federal policy favoring arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 20 (1991) (affirming order compelling arbitration), citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983).

As the party resisting enforcement of the Arbitration Agreement, Plaintiff faces "a high bar" to prove unconscionability. *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 947 (D. Ariz. 2011), citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Smith v. AutoNation, Inc.*, 2011 WL 380517, at *2 (D. Ariz. Feb. 2, 2011) (where employee does not dispute that she signed an arbitration agreement, it is "presumptively valid and enforceable, whether or not [the employee] read [it] or appreciated [its] full effect, *unless* the reasonable-expectations limitation… applies), citing *Harrington v. Pulte Home Corp.*, 211 Ariz. 241, 119 P.3d 1044 (Ariz. App. 2005).

**A. <u>Even if it is an Adhesion Contract, the Arbitration Agreement is Enforceable</u>.**

In the Response, Plaintiff argues that the Arbitration Agreement is an adhesion contract, presented to Plaintiff at the beginning of her employment on a take it or leave it basis, and was, therefore, procedurally unconscionable. According to Plaintiff's Declaration, in 2009, just before commencing employment with Metro Auto, the company's Human Resources Director provided her with documents to sign, including the Arbitration Agreement, without giving her "*an opportunity to review the documents before signing.*" *Id*. at p. 2. As explained below, the statements in Plaintiff's Declaration, even if true,[2] are immaterial legally.

First, Plaintiff's claim is belied by the plain and clear, unambiguous, conspicuous language of the Agreement *on the page she signed* (and does not dispute she signed), which states in bold, all capital letters:

<u>KNOWING AND VOLUNTARY AGREEMENT</u>

<u>MY SIGNATURE BELOW CERTIFIES THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS AND WHAT IS BEING GIVEN UP AND WHAT IS BEING GAINED, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THIS AGREEMENT ARE CONTAINED IN THIS ARGEEMENT, AND THAT I HAVE ENTERED INTO THE AGREEMENT KNOWINGLY AND VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.</u>

<u>I FURTHER ACKNOWELDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE ATTORNEY AND HAVE TAKEN ADVANTAGE OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.</u>

<u>I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP MY RIGHT TO A JURY TRIAL.</u>

---

[2] Plaintiff alleges her 2009 meeting with the HR Director "*probably lasted no more than approximately five to seven minutes.*" Plaintiff's Declaration at ¶ 6. It strains credulity for Plaintiff to claim she actually recalls the length of a meeting held twelve years ago.

[Corrected Declaration of Debra Doyle ("Doyle Dec.") Ex. A, p. 8 (emphasis added)][3] The express language of the page signed by Plaintiff states in all capital letters—1) she read it; 2) she had an opportunity to discuss it with an attorney if she wanted; and 3) she understood she was giving up her right to a trial by jury. There is nothing more an employer could have done or said to inform Plaintiff, or any prospective employee, of her rights.[4]

Second, Arizona law holds that an arbitration agreement is not procedurally unconscionable merely due to it being "a contract of adhesion… presented in a 'take it or leave it' context." *Brady v. Universal Tech. Inst. of Arizona, Inc*., 2009 WL 5128577, at *2 (D. Ariz. Dec. 17, 2009) (no procedural unconscionability where arbitration agreement's language was "clear and conspicuous," waiver of a judicial remedy "st[ood] out in uppercase text," and employee made "no allegation of concealment or surprise"); *Coup*, 823 F. Supp. 2d at 945 ("A contract of adhesion is fully enforceable, however, unless the contract is also unduly oppressive or unconscionable") (citations omitted). Plaintiff even cites to Arizona decisions that unequivocally rejected her argument on this point. *See*, e.g., *Edwards v. Vemma Nutrition*, 2018 WL 637382, at *5 (D. Ariz. Jan. 30, 2018) (granting motion to compel arbitration, stating "adhesion contracts are not *per se* unconscionable under Arizona law"); *Longnecker v. Am. Exp. Co*., 23 F. Supp. 3d 1099,

---

[3] A Notice of Errata and Corrected Declaration of Debra Doyle are filed simultaneously with this Reply. The Corrected Declaration attaches "Exhibit A" to the Arbitration Agreement which was omitted from the original Declaration due to a clerical error. The addition of the "Exhibit A" in no way alters the substantive arguments, or substance of the Arbitration Agreement.

[4] Like the plaintiff in In *Adams v. Conn Appliances,* 2017 WL 3315204, *4 (D. Ariz. 2017), upon which Plaintiff relies (Response at 6), although she claims she was rushed into signing, Plaintiff does not claim that she asked for more time to read the agreement, or that she would not have been hired if she had not signed it. Moreover, the *Adams'* court enforced the arbitration agreement, and the matter was dismissed.

1108 (D. Ariz. 2014) ("….even if the arbitration agreements were contracts of adhesion that would not mean that they are procedurally unconscionable").[5]

Plaintiff's reliance on *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 927 (9th Cir. 2013), which applied California law, is inapplicable and misplaced. ("The arbitration policy . . . is unconscionable *under California law*.")[6] (Emphasis added.) Similarly, her reliance on numerous other California cases, and cases applying California law, are equally unpersuasive. *See* fn. 7, *infra*.

**B. A Failure to Provide the Rules Governing the Arbitration Proceedings is not Procedurally Unconscionable.**

Again, relying solely on California law, Plaintiff next argues that the Arbitration Agreement was procedurally unconscionable because Plaintiff "*was not given a copy of the AAA Rules that the arbitration agreement incorporated.*" Response at p. 5. It is well-settled in the District of Arizona that if an employer presents an arbitration agreement without the arbitration rules referenced therein, this does *not* render it procedurally unconscionable. *See O'Bannon v. United Services Automobile Assoc.*, 2016 U.S. Dist. Lexis 186581 at *8 (D. Ariz. June 17, 2016) (employer's "failure to provide a copy of the AAA rules did not make the arbitration provision in this case procedurally unconscionable"); *Coup*, 823 F. Supp. 2d 931, 949 (noting Arizona law and "[e]ven California's pro-employee law in the arbitration arena has rejected a similar argument that an employer's mere reference to unattached arbitration rules renders an arbitration agreement unconscionable *per se"*) (citation omitted); *cf. EEOC v. Cheesecake Factory,*

---

[5] Plaintiff's reliance on *Maxwell v. Fidelity Fin. Servs., Inc.,* 184 Ariz. 82, 907 P.2d 51 (1995) is equally unavailing. The Response fails to either (1) apply the standards of that case to the facts in this case, or (2) address controlling authority that holds inequality of bargaining power does *not* prove procedural unconscionability of employment arbitration agreements. *See Gilmer*, 500 U.S. at 33, 35 (unequal bargaining power not sufficient reason to preclude employer's enforcement of arbitration agreement).

[6] Aside from applying California law, *Ralphs*' agreement imposed multiple factors not present in this case, such as substantial additional costs on the employee for arbitration.

5

*Inc.*, 2009 WL 1259359, at *3 (D. Ariz. May 6, 2009) (even if party "does not understand all of the terms included in an agreement, the agreement may be enforceable if it is consistent with reasonable expectations and not unduly oppressive").

### C. The Process for Initiating Arbitration was Clearly Spelled Out.

Finally, the Response claims Plaintiff cannot "*commence an arbitration*" because "*defendants have never provided their required claim form, the undisclosed 'Exhibit A.*'" *Id*. at p. 6. First, the Corrected Declaration of Debra Doyle contains the missing "Exhibit A", which was attached to Plaintiff's Agreement, but mistakenly omitted from the initial Declaration of Debra Doyle due to a clerical error. *Id*. at ¶ 6.

But even without the actual "Exhibit A," which is nothing more than a blank form with a few lines, Section 7 of the Agreement clearly spells out exactly what was required to initiate arbitration: "*(i) identif*[y] *and describ*[e] *the nature of each claim asserted*, *(ii) the facts upon which each claim is based, and (iii) the relief or remedy sought*." [Corrected Doyle Decl., Exhibit A at p. 3.] Thus, with or without the form of claim, Plaintiff had the substantive information to initiate an arbitration.

In sum, Plaintiff signed an agreement that plainly and clearly states she agreed to arbitrate exactly the kinds of claims alleged in her Complaint. No extraordinary circumstances preceded its execution; this was a run-of-the-mill scenario, where an employee simply signed an arbitration agreement along with other initial documents. She was not a victim of unfair surprise, concealment, or any other defect in the execution of the Arbitration Agreement. Accordingly, her argument of procedural unconscionability fails.

### II.   THE AGREEMENT IS NOT SUBSTANTIVELY UNCONSCIONABLE.

"Substantive unconscionability…'concerns the actual terms of the contract and examines the relative fairness of the obligations assumed.'" *Brady*, 2009 WL 5128577, at *2 (employee failed to prove arbitration agreement was substantively unconscionable), quoting *Maxwell*, 184 Ariz. at 89, 907 P.2d at 58. Immediately above

1 four numbered paragraphs, the Response contends that there are "*four separate*
2 *substantive unconscionability factors.*" Response at 7.  The first three of these four
3 paragraphs restate the same argument, *i.e.*, non-mutuality is substantive
4 unconscionability. Each reiteration of this argument fails, as "[f]ederal [circuit] courts
5 addressing the issue recently have consistently concluded that arbitration agreements
6 [which] contain adequate consideration, *need not have mutuality* or equivalency of
7 obligation, and therefore are enforceable." *Coup*, 823 F. Supp. 2d 931, 951 (emphasis in
8 original) (collecting cases and rejecting at-will employee's argument that arbitration
9 agreement was substantively unconscionable for lack of mutuality, as consideration
10 supporting it "vitiates the need for...mutuality"); *Cheesecake Factory, Inc.*, 2009 WL
11 1259359, at *4 (plaintiff's continued employment "was sufficient consideration for
12 promise to arbitrate, and an enforceable contract was formed regardless of whether the
13 arbitration agreement imposed mutual obligations").
14       The Response's first numbered paragraph in Section III argues that Section 23 of
15 the Arbitration Agreement "*expressly give*[*s*] *the drafting party important rights that are*
16 *denied to the other*," and suggests that this means the agreement is "*lacking in mutuality*
17 *and therefore substantively unconscionable.*" *Id*. at p. 7.  But Section 23 provides that all
18 changes "must be express, in writing, and communicated," and "[t]o the extent there is
19 any disagreement on whether any modifications or amendments to this Agreement apply
20 to a specific arbitration, *the arbitrator will be empowered to decide this issue.*"
21 [Corrected Doyle Decl., Ex. A, p. 7 (emphasis added)]  Such authorization for changes is
22 commonplace in arbitration agreements and does not indicate substantive
23 unconscionability. *See, e.g.*, *Pinto v. USAA Ins. Agency Inc. of Texas (FN)*, 275 F. Supp.
24 3d 1165 (D. Ariz. 2017) (provision allowing only employer to amend arbitration
25 agreement not substantively unconscionable); *Cheesecake Factory, Inc.*, 2009 WL
26 1259359, at *4-5 (modification provision not substantively unconscionable). Plaintiff
27 attempts to support her argument merely by citing decisions that are inapposite, where
28

the employer had sole discretion to terminate an entire arbitration agreement or policy – quite unlike the restricted authority to modify created under Section 23.[7]

The Response repackages its argument that "lack of mutuality equals substantive unconscionability" in Section III's second numbered paragraph, arguing:

> (2) Section 4 of the Defendants' arbitration agreement lacks mutuality. If the employee files a charge of employment discrimination with a government agency, then the employer has an option to "opt out" of its arbitration agreement but the employee has no such option. A lack of mutuality of obligations is a factor showing substantive unconscionability.

[*Id.* at p. 8]. Plaintiff has again mischaracterized and omitted material language in the allegedly unconscionable section of the Arbitration Agreement. Section 4 states in part:

> Although the Employee's claims of discrimination are to be decided by arbitration under this Agreement, the Employee still retains the right to file a charge with and otherwise participate in the processes and proceedings of appropriate federal, state and local agencies, including the U.S. Equal Employment Opportunity Commission. If, however, the Employee files a charge with such an agency, Metro Auto Auction may opt out of this Agreement with respect the claim(s) alleged in the charge and require the Employee to pursue the claim(s) in a court of law..."

[Corrected Doyle Decl., Ex. A, p. 2] Section 4 does not lack mutuality, as Plaintiff has sole discretion on (1) whether to file a charge with a government agency, and (2) what claims to allege therein. Consequently, she has has always retained complete control over whether and to what extent she will even allow Metro Auto discretion to opt out of arbitration. If Section 4 allowed Plaintiff to opt out of arbitration for claims she decided to allege in an administrative charge (as she implies it should), *then* it would lack

---

[7] *See*, e.g., *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010) (applying California law on lack of mutuality to hold non-binding ADR provisions in agreement between distributors and marketing company was unconscionable); *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1069 (9th Cir. 2007) ("The arbitration agreement was unconscionable under California law"), *abrogated in part in Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947, 960 (9th Cir. 2012) (prohibition discussed in *Davis* on the arbitration of certain claims in California "is no longer good law"); *Batory v. Sears, Roebuck & Co.*, 456 F. Supp. 2d 1137, 114 (D. Ariz. 2006) (finding "overall imbalance in the obligations and rights imposed" where, inter alia, agreement contained provision allowing employer to terminate entire program with sixty days' notice to employee and arbitration was the exclusive remedy solely for plaintiff); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172-73 (9th Cir. 2003) (employer had "unilateral power to modify or terminate the arbitration agreement").

1  mutuality by effectively giving her alone the unbridled discretion to opt out. Section 4 is
2  not substantively unconscionable, as it is "not so one-sided as to 'oppress or unfairly
3  surprise an innocent party' or impose an 'overall imbalance in the obligations and rights'
4  of the parties." *Brady*, 2009 WL 5128577 at *2 (if arbitration agreement "compels
5  arbitration of employee claims but exempts from arbitration claims that an employer is
6  likely to bring," this does not make it substantively unconscionable).

7        The Response continues to strain logic to support another reiteration of this
8  erroneous argument in Section III's third numbered paragraph, which asserts that
9  "*Section 8 lacks mutuality*" because "[*a*]*n employee has a duty to notify the employer as*
10 *soon as he/she has counsel, but there is no corresponding duty on the part of the*
11 *employer.*" *Id*. at p. 8.  This requirement makes perfect sense, so the Company's counsel
12 does not improperly communicate with the employee (or former employee) when he or
13 she is actually represented by counsel.  Thus, the notification is clearly for the protection
14 of the individual.  Such a provision would not violate the parties' reasonable
15 expectations. Defendants are unaware of any authority holding that Section 8's
16 obligation on Plaintiff to notify the Company if she is represented could establish
17 substantive unconscionability, and the Response cites none; it merely regurgitates
18 citations to inapposite authority standing for general points of mostly California law on
19 lack of mutuality. Section 8 is completely immaterial here, and it cannot support
20 Plaintiff's argument that the Arbitration Agreement is substantively unconscionable.

21       Finally, Plaintiff argues that because the Arbitration Agreement contains a
22 confidentiality provision, it is substantively unconscionable under *Longnecker*, 23 F.
23 Supp. 3d 1099. *Id*. at p. 8.  The relevant provision in *Longnecker* provided:

24       All proceedings under this Policy are private and confidential, unless applicable law provides to the contrary. All parties shall
25       maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary. The arbitrator shall
26       have the authority to make appropriate rulings to safeguard that confidentiality.

27 *Id*. at 1110.
28

In *Longnecker,* the Arizona District Court noted that the above-described confidentiality provision was substantively unconscionable, because it would "keep only plaintiffs in the dark regarding prior arbitration decisions and only defendants would benefit from this provision." *Id*. Notwithstanding, the court concluded that the arbitration agreement was enforceable because it contained a severability clause, so "[i]t would be appropriate to sever the [confidentiality clause] and enforce the remainder of the agreement because doing so would be 'consistent with the Federal Arbitration Act and Arizona public policy favoring both arbitration and class actions.'" *Id*. at 1111, citing *Cooper v. QC Financial Services, Inc*., 503 F. Supp.2d 1266, 1292 (D. Ariz. 2007).

In contrast to the *Longnecker* provision, the provision in Section 20 of Metro Auto's Arbitration Agreement states:

> **20.     Confidentiality**
>
> The arbitration, including the hearing and record of the proceeding, are confidential and shall not be open to the public, except (a) to the extent both parties agree otherwise in writing, (b) as may be appropriate in any subsequent proceedings between the parties, or (c) as may otherwise be appropriate in response to a governmental agency or legal process.

Thus, unlike the *Longnecker* provision, the confidentiality provision in Metro Auto's Agreement is limited to the arbitration and has three specific exceptions not contained in the *Longnecker* agreement. For this reason, Metro Auto's confidentiality provision is not substantively unconscionable. *See Monsanto v. DWW Partners, LLP*, Case No. CV-09-01788-PHX-FJM, 2010 WL 234952, at *3 (D. Ariz. Jan. 15, 2010) ("Plaintiff also contends that a term providing for communications in connection with arbitration proceedings to be privileged is unconscionable. This basic confidentiality provision is neither overly broad nor unfairly onesided.   It is not substantively unconscionable.)

But even if the Court deems the confidentiality provision to be substantively unconscionable (it is not), or any other clause substantively unconscionable, this does not render the entire Arbitration Agreement unenforceable. Section 24 of the Arbitration

Agreement provides that if any provision is found unenforceable, it "will be severed from the Agreement and the remaining portions shall remain in full force and effect." [Corrected Doyle Decl., Ex. A, p. 7]. Therefore, just as the *Longnecker* court did, this Court can sever the confidentiality provision and enforce the remainder of the Agreement. *See also Wernett v. Serv. Phx., LLC*, 2009 WL 1955612, at *9-10 (D. Ariz. July 2, 2009) (severing multiple unconscionable provisions and enforcing remainder of arbitration agreement.)

The Arbitration Agreement is not unduly oppressive or inherently unfair, and certainly not to the extent to support a finding of substantive unconscionability. The Arbitration Agreement is enforceable.

## **CONCLUSION**

Given the "liberal federal policy favoring arbitration" under the FAA, the Court should enforce the Arbitration Agreement and dismiss Plaintiff's Complaint. *See Smith*, 2011 WL 380517 at *2, citing *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 725 (9th Cir. 2007). Moreover, although Plaintiff disputes the enforceability of the Agreement, she does not provide any opposition to dismissal in the event this Court finds the Arbitration Agreement enforceable. Thus, Defendants Metro Auto Auction, LLC, and Raymond Kurz, request that the Court grant the Motion and dismiss Plaintiff's Second Amended Complaint as to these Defendants.

DATED this September 27, 2021.

JACKSON LEWIS P.C.

By: */s/ Amy J. Gittler*
    Amy J. Gittler
    J. Alexander Dattilo
    *Attorneys for Defendants Metro Auto Auction, LLC, and Raymond Kurz*

# CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Isaac P. Hernandez
Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
Email: isaac@hdezlawfirm.com
*Attorney for Plaintiff* Darrell E. Davis

Darrell Davis
Zach R. Fort
CLARK HILL PLC
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
ddavis@clarkhill.com
zfort@clarkhill.com
Attorneys for Defendant BH Automotive, LLC

By: */s/ Amalia Tafoya*

4820-5139-3785, v. 5