**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Aldrete,<br><br>    Plaintiff,<br><br>v.<br><br>Berkshire Hathaway Automotive LLC, et al.,<br><br>    Defendants. | No. CV-21-00622-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend or Grant Relief from Judgment (the "Motion"), (Doc. 52), to which Defendants responded, (Doc. 53), and Plaintiff replied, (Doc. 55). Plaintiff also filed a Citation of Supplemental Authority in Support of the Motion, (Doc. 57), to which Defendants replied, (Doc. 58). The Court has considered the parties' briefing and relevant case law and will deny the Motion for reasons explained below.

**I.    Background**

The Court provided a more detailed background in the January 6, 2020 Order (the "Order"), (*see* Doc. 49 at 1–3), and will not reiterate those details here. Rather, the Court incorporates the Order's background by reference. Relevant here, Defendants Metro Auto Auction and Raymond Kurz ("Metro Auto Defendants") filed a Motion to Compel Arbitration and Dismiss Plaintiff's Complaint. (Doc. 20.) At the same time, BH Automotive, LLC, ("Defendant BHA") filed a separate Motion to Dismiss. (Doc. 32.)

After full briefing and oral argument by the parties, the Court granted Metro Auto Defendants' Motion, ordered that all Defendants were subject to mandatory arbitration,

referred Defendant BHA's Motion to arbitration, and dismissed the case. (Doc. 49 at 11.) Now, Plaintiff asks the Court to "[a]mend the Order" or "grant relief from" it under Rules 59(e) and 60(b)(1). (Doc. 52 at 1.)

## II. Legal Standard

Because Plaintiff seeks relief under Rules 59(e) and 60, she essentially asks the Court to reconsider its Order. *See Creveling v. Cty. of Mohave*, No. CV 05-0995-PHX-SMM, 2005 WL 8161081, at *1 (D. Ariz. Oct. 17, 2005) (noting the overlapping nature of motions for reconsideration under Rule 59(e) and motions to alter or amend a judgement under Rule 60). Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

A Court "will ordinarily deny a motion for reconsideration . . . absent a showing of some manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). However, a motion for reconsideration is appropriate if "(1) the District Court is presented with newly discovered evidence; (2) the District Court committed clear error in its decision; (3) the District Court's decision was manifestly unjust, or (4) there is an intervening change in controlling law." *Creveling*, 2005 WL 8161081, at *1 (citing *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Moreover, a motion for reconsideration should not be used to voice disagreements with a court's analysis in a previous ruling, repeat prior arguments, or ask the Court to rethink what it has already thought through. *See Defenders of Wildlife*, 909 F. Supp. at 1351 (explaining that motions for reconsideration should not be used to ask the court to "rethink what the court had already thought through—rightly or wrongly"); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) ("Almost all of the local rules prohibit motions for reconsideration based on arguments already presented to and rejected by the court."); *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1673 (D. Haw. 1988) (noting that "merely articulat[ing] disagreement with [a] court's

analysis in its prior order" is not an appropriate reason to file a motion for reconsideration).

### III. Discussion

Plaintiff challenges the Court's previous Order on the grounds that the Court committed both legal and factual errors that have resulted in manifest injustice to Plaintiff. (*See* Doc. 52 at 5–12.)  Defendants argues that "Plaintiff has not made any showing of mistake of law or manifest error of law," (Doc. 53 at 3), but, instead, Plaintiff's argument were previously considered and rejected by the Court or are new arguments that Plaintiff could have previously raised, which are now barred, (id. at 3–5).  Defendants are correct.

First, Plaintiff raises arguments that the Court already considered and rejected. *Compare* (Doc. 52 at 5–10, 11) (arguing that Plaintiff's hurried signing of an adhesion employment-contract was procedurally unconscionable and that California law on the matter should be persuasive), *with* (Doc. 49 at 5–6) (explaining that, under Arizona law, Plaintiff's arguments regarding procedural unconscionability were unpersuasive and that, because Arizona law governs the contract at issue, cases explaining California law were inapposite to the instant case).  This in an impermissible use of a motion for reconsiderations and, therefore, the Court rejects it.  *See Defenders of Wildlife*, 909 F. Supp. at 1351 (explaining that motions for reconsideration should not be used to ask the court to "rethink what the court had already thought through—rightly or wrongly"); *White v. Square, Inc.*, No. 15-CV-04539-JST, 2016 WL 6647927, at *2 (N.D. Cal. Nov. 9, 2016) ("A party seeking reconsideration under Rule 59 and Rule 60 must do more than rehash arguments or recapitulate cases already considered by the court.").

Second, Plaintiff raises for the first time an argument that the arbitration agreement is substantively unconscionable under the National Labor Relations Act. (*See* Doc. 52 at 10–11.)  The Court will not address the merits of the argument and, instead, rejects it as procedural deficient because Plaintiff—with reasonable diligence—could have presented this argument earlier in the litigation but failed to do so.  *See* LRCiv 7.2(g)(1); *see also Martinez v. Ryan*, No. CV-05-01561-PHX-ROS, 2021 WL 1947510, at *1 (D. Ariz. May 14, 2021) ("A motion for reconsideration will be denied absent a showing of manifest error

or a showing of *new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence*." (emphasis added)); *Sport Collectors Guild Inc. v. Bank of Am. NA*, No. CV-16-02229-PHX-ROS, 2018 WL 8260840, at *3 (D. Ariz. Sept. 14, 2018) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation.'" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))).

Accordingly, Plaintiffs Motion must be denied because she has not presented newly discovered evidence, shown that the Court committed clear error in its decision, proven that the district court's decision was manifestly unjust, or show that there was an intervening change in controlling law.[1]  "Plaintiff's disagreement with the Court's rulings does not provide grounds for reconsideration." *Creveling*, 2005 WL 8161081, at *1.

### IV. Conclusion

Therefore,

**IT IS ORDERED** denying Plaintiff's Motion.  (Doc. 52.)

Dated this 19th day of April, 2022.

Honorable Susan M. Brnovich
United States District Judge

---

[1] Plaintiff's "Supplemental Authority," (Doc. 57), suffers from the same ailments as her Motion for Reconsideration and, consequently, the Court will not address it in further detail.